AF Approval _/s/_                                    Chief Approval  MCS

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.                                           CASE NO. 8:22-cr-200-MSS-AAS

MAGDIEL CARMONA

**PLEA AGREEMENT**

Pursuant to Fed. R. Crim. P. 11(c), the United States of America, by Roger B. Handberg, United States Attorney for the Middle District of Florida, and the defendant, Magdiel Carmona, and the attorney for the defendant, Adrian Burden, mutually agree as follows:

**A.   Particularized Terms**

   1.   Count(s) Pleading To

The defendant shall enter a plea of guilty to Count One, Three, Six, and Eleven of the Indictment. Count One charges the defendant with conspiracy to distribute controlled substances, in violation of 21 U.S.C. § 846. Counts, Three, Six, and Eleven charge the defendant with possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c).

   2.   Maximum Penalties

Count One is punishable by a maximum sentence of twenty years imprisonment, a fine of up to $1,000,000, a term of supervised release of at least three years, and a special assessment of $100.

Defendant's Initials _MC_

3. <u>Minimum and Maximum Penalties</u>

Counts Three, Six, and Eleven is punishable by a mandatory minimum sentence of five years of imprisonment and a maximum sentence of life imprisonment, consecutive to any sentence imposed for Count One, and to one another, a fine of up to $250,000, a term of supervised release of at least five years, and a special assessment of $100.

4. *Alleyne v. United States and Apprendi v. New Jersey*

Under *Alleyne v. United States*, 570 U.S. 99 (2013), and *Apprendi v. New Jersey*, 530 U.S. 466 (2000), the defendant is subject to a mandatory minimum sentence of five years' imprisonment and a maximum sentence of five years' imprisonment as to Counts Three, Six, and Eleven because the following facts have been admitted by the defendant and are established by this plea of guilty:

The defendant possessed a firearm in furtherance of a crime of drug trafficking.

5. <u>Elements of the Offense(s)</u>

The defendant acknowledges understanding the nature and elements of the offense(s) with which defendant has been charged and to which defendant is pleading guilty.

The elements of Count One are:

<u>First</u>: Two or more people in some way agreed to try to accomplish a shared and unlawful plan to distribute a controlled substance; and,

Defendant's Initials _MC_     2

| | |
|---|---|
| Second: | The defendant knew the unlawful purpose of the plan and willfully joined in it; and, |
| Third: | The object of the unlawful plan was to distribute, or possess with intent to distribute, a mixture and substance containing a detectable amount of cocaine and a mixture and substance containing a detectable amount of heroin. |

The elements of Counts Three, Six, and Eleven are:

| | |
|---|---|
| First: | The defendant knowingly possessed a firearm; and, |
| Second: | The defendant possessed the firearm in furtherance of a "drug trafficking crime." |

6. Counts Dismissed

At the time of sentencing, the remaining count(s) against the defendant, Counts Two, Four, Five, Seven, Eight, Nine, Ten, Twelve, Thirteen, Fourteen, and Fifteen, will be dismissed pursuant to Fed. R. Crim. P. 11(c)(1)(A).

7. No Further Charges

If the Court accepts this plea agreement, the United States Attorney's Office for the Middle District of Florida agrees not to charge defendant with committing any other federal criminal offenses known to the United States Attorney's Office at the time of the execution of this agreement, related to the facts giving rise to this agreement.

8. Guidelines Sentence

Pursuant to Fed. R. Crim. P. 11(c)(1)(B), the United States will recommend to the Court that the defendant be sentenced within the defendant's

Defendant's Initials _MC_                         3

applicable guidelines range as determined by the Court pursuant to the United States Sentencing Guidelines, as adjusted by any departure the United States has agreed to recommend in this plea agreement. The parties understand that such a recommendation is not binding on the Court and that, if it is not accepted by this Court, neither the United States nor the defendant will be allowed to withdraw from the plea agreement, and the defendant will not be allowed to withdraw from the plea of guilty.

9.  Acceptance of Responsibility - Three Levels

At the time of sentencing, and in the event that no adverse information is received suggesting such a recommendation to be unwarranted, the United States will not oppose the defendant's request to the Court that the defendant receive a two-level downward adjustment for acceptance of responsibility, pursuant to USSG § 3E1.1(a). The defendant understands that this recommendation or request is not binding on the Court, and if not accepted by the Court, the defendant will not be allowed to withdraw from the plea.

Further, at the time of sentencing, if the defendant's offense level prior to operation of subsection (a) is level 16 or greater, and if the defendant complies with the provisions of USSG § 3E1.1(b) and all terms of this Plea Agreement, including but not limited to, the timely submission of the financial affidavit referenced in Paragraph B.5., the United States agrees to file a motion pursuant to USSG § 3E1.1(b) for a downward adjustment of one additional level. The defendant understands that the determination as to whether the defendant has qualified for a

Defendant's Initials _MC_    4

downward adjustment of a third level for acceptance of responsibility rests solely with the United States Attorney for the Middle District of Florida, and the defendant agrees that the defendant cannot and will not challenge that determination, whether by appeal, collateral attack, or otherwise.

10. Forfeiture of Assets

The defendant agrees to forfeit to the United States immediately and voluntarily any and all assets and property, or portions thereof, subject to forfeiture, pursuant to 21 U.S.C. § 853, 18 U.S.C. § 924(d), and 28 U.S.C. § 2461(c), whether in the possession or control of the United States, the defendant or defendant's nominees.

The assets to be forfeited specifically include, but are not limited to, the following: Springfield Armory, Model XD-S, .45 caliber pistol (SN: XS639828); and CBC .45 caliber ammunition seized from Springfield Armory, Model XD-S, .45 caliber pistol.

The defendant agrees and consents to the forfeiture of these assets pursuant to any federal criminal, civil judicial or administrative forfeiture action. The defendant also agrees to waive all constitutional, statutory and procedural challenges (including direct appeal, habeas corpus, or any other means) to any forfeiture carried out in accordance with this Plea Agreement on any grounds, including that the forfeiture described herein constitutes an excessive fine, was not properly noticed in the charging instrument, addressed by the Court at the time of the guilty plea, announced at sentencing, or incorporated into the judgment.

Defendant's Initials _MMC_                    5

The defendant admits and agrees that the conduct described in the Factual Basis below provides a sufficient factual and statutory basis for the forfeiture of the property sought by the government. Pursuant to Rule 32.2(b)(4), the defendant agrees that the preliminary order of forfeiture will satisfy the notice requirement and will be final as to the defendant at the time it is entered. In the event the forfeiture is omitted from the judgment, the defendant agrees that the forfeiture order may be incorporated into the written judgment at any time pursuant to Rule 36.

The defendant agrees to take all steps necessary to identify and locate all property subject to forfeiture and to transfer custody of such property to the United States before the defendant's sentencing. The defendant agrees to be interviewed by the government, prior to and after sentencing, regarding such assets and their connection to criminal conduct. The defendant further agrees to be polygraphed on the issue of assets, if it is deemed necessary by the United States. The defendant agrees that Federal Rule of Criminal Procedure 11 and USSG § 1B1.8 will not protect from forfeiture assets disclosed by the defendant as part of the defendant's cooperation.

The defendant agrees to take all steps necessary to assist the government in obtaining clear title to the forfeitable assets before the defendant's sentencing. In addition to providing full and complete information about forfeitable assets, these steps include, but are not limited to, the surrender of title, the signing of a consent decree of forfeiture, and signing of any other documents necessary to

Defendant's Initials _MM_

6

effectuate such transfers. To that end, the defendant agrees to make a full and complete disclosure of all assets over which defendant exercises control directly or indirectly, including all assets held by nominees, to execute any documents requested by the United States to obtain from any other parties by lawful means any records of assets owned by the defendant, and to consent to the release of the defendant's tax returns for the previous five years. The defendant agrees to be interviewed by the government, prior to and after sentencing, regarding such assets and their connection to criminal conduct.

The defendant agrees that the United States is not limited to forfeiture of the property specifically identified for forfeiture in this Plea Agreement. If the United States determines that property of the defendant identified for forfeiture cannot be located upon the exercise of due diligence; has been transferred or sold to, or deposited with, a third party; has been placed beyond the jurisdiction of the Court; has been substantially diminished in value; or has been commingled with other property which cannot be divided without difficulty; then the United States shall, at its option, be entitled to forfeiture of any other property (substitute assets) of the defendant up to the value of any property described above. The Defendant expressly consents to the forfeiture of any substitute assets sought by the Government. The defendant agrees that forfeiture of substitute assets as authorized herein shall not be deemed an alteration of the defendant's sentence.

Defendant's Initials  *mc*                                7

Forfeiture of the defendant's assets shall not be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty the Court may impose upon the defendant in addition to forfeiture.

The defendant agrees that, in the event the Court determines that the defendant has breached this section of the Plea Agreement, the defendant may be found ineligible for a reduction in the Guidelines calculation for acceptance of responsibility and substantial assistance, and may be eligible for an obstruction of justice enhancement.

The defendant agrees that the forfeiture provisions of this plea agreement are intended to, and will, survive the defendant, notwithstanding the abatement of any underlying criminal conviction after the execution of this agreement. The forfeitability of any particular property pursuant to this agreement shall be determined as if the defendant had survived, and that determination shall be binding upon defendant's heirs, successors and assigns until the agreed forfeiture, including satisfaction of any preliminary order of forfeiture for proceeds.

11. <u>Abandonment of Property - Firearms and Ammunition</u>

The United States of America and defendant hereby agree that any firearm and/or ammunition as defined in 18 U.S.C. § 921, seized from defendant and currently in the custody and/or control of the Bureau of Alcohol, Tobacco and Firearms, were properly seized and are subject to forfeiture to the government according to 18 U.S.C. § 924(d) and/or that the firearms and ammunition constitute evidence, contraband, or fruits of the crime to which he has pled guilty. As such,

Defendant's Initials _M(_             8

defendant hereby relinquishes all claim, title and interest he has in the firearms and ammunition to the United States of America with the understanding and consent that the Court, upon approval of this agreement, hereby directs the Bureau of Alcohol, Tobacco and Firearms, or other appropriate agency, to cause the firearms and/or ammunition described above to be destroyed forthwith without further obligation or duty whatsoever owing to defendant or any other person.

As part of the plea agreement in this case, defendant in this case hereby states under penalty of perjury that he is the sole and rightful owner of the property, and that defendant hereby voluntarily abandons all right and claim to a Diamondback Arms Inc. 9mm firearm, Model DB FS Nine, SN: FB0397; a Taurus 9mm firearm, Model G2C, SN: ABG650327; a Taurus 9mm firearm, Model G3, SN: AAM152766; an American Tactical Imports .556 caliber rifle, Model OMNI Hybrid, SN: NS125428; and assorted ammunition.

**B.     Standard Terms and Conditions**

    1.     Restitution, Special Assessment and Fine

The defendant understands and agrees that the Court, in addition to or in lieu of any other penalty, shall order the defendant to make restitution to any victim of the offense(s), pursuant to 18 U.S.C. § 3663A, for all offenses described in 18 U.S.C. § 3663A(c)(1); and the Court may order the defendant to make restitution to any victim of the offense(s), pursuant to 18 U.S.C. § 3663, including restitution as to all counts charged, whether or not the defendant enters a plea of guilty to such counts, and whether or not such counts are dismissed pursuant to this agreement.

Defendant's Initials _MC_                                                     9

The defendant further understands that compliance with any restitution payment plan imposed by the Court in no way precludes the United States from simultaneously pursuing other statutory remedies for collecting restitution (28 U.S.C. § 3003(b)(2)), including, but not limited to, garnishment and execution, pursuant to the Mandatory Victims Restitution Act, in order to ensure that the defendant's restitution obligation is satisfied.

On each count to which a plea of guilty is entered, the Court shall impose a special assessment pursuant to 18 U.S.C. § 3013 The special assessment is due on the date of sentencing.

The defendant understands that this agreement imposes no limitation as to fine.

2. <u>Supervised Release</u>

The defendant understands that the offense(s) to which the defendant is pleading provide(s) for imposition of a term of supervised release upon release from imprisonment, and that, if the defendant should violate the conditions of release, the defendant would be subject to a further term of imprisonment.

3. <u>Immigration Consequences of Pleading Guilty</u>

The defendant has been advised and understands that, upon conviction, a defendant who is not a United States citizen may be removed from the United States, denied citizenship, and denied admission to the United States in the future.

Defendant's Initials  MC            10

4. <u>Sentencing Information</u>

The United States reserves its right and obligation to report to the Court and the United States Probation Office all information concerning the background, character, and conduct of the defendant, to provide relevant factual information, including the totality of the defendant's criminal activities, if any, not limited to the count(s) to which defendant pleads, to respond to comments made by the defendant or defendant's counsel, and to correct any misstatements or inaccuracies. The United States further reserves its right to make any recommendations it deems appropriate regarding the disposition of this case, subject to any limitations set forth herein, if any.

5. <u>Financial Disclosures</u>

Pursuant to 18 U.S.C. § 3664(d)(3) and Fed. R. Crim. P. 32(d)(2)(A)(ii), the defendant agrees to complete and submit to the United States Attorney's Office within 30 days of execution of this agreement an affidavit reflecting the defendant's financial condition. The defendant promises that his financial statement and disclosures will be complete, accurate and truthful and will include all assets in which he has any interest or over which the defendant exercises control, directly or indirectly, including those held by a spouse, dependent, nominee or other third party. The defendant further agrees to execute any documents requested by the United States needed to obtain from any third parties any records of assets owned by the defendant, directly or through a nominee, and, by the execution of this Plea Agreement, consents to the release of the defendant's tax returns for the previous five

Defendant's Initials _ML_    11

years. The defendant similarly agrees and authorizes the United States Attorney's Office to provide to, and obtain from, the United States Probation Office, the financial affidavit, any of the defendant's federal, state, and local tax returns, bank records and any other financial information concerning the defendant, for the purpose of making any recommendations to the Court and for collecting any assessments, fines, restitution, or forfeiture ordered by the Court. The defendant expressly authorizes the United States Attorney's Office to obtain current credit reports in order to evaluate the defendant's ability to satisfy any financial obligation imposed by the Court.

6.  Sentencing Recommendations

It is understood by the parties that the Court is neither a party to nor bound by this agreement. The Court may accept or reject the agreement, or defer a decision until it has had an opportunity to consider the presentence report prepared by the United States Probation Office. The defendant understands and acknowledges that, although the parties are permitted to make recommendations and present arguments to the Court, the sentence will be determined solely by the Court, with the assistance of the United States Probation Office. Defendant further understands and acknowledges that any discussions between defendant or defendant's attorney and the attorney or other agents for the government regarding any recommendations by the government are not binding on the Court and that, should any recommendations be rejected, defendant will not be permitted to withdraw defendant's plea pursuant to this plea agreement. The government

Defendant's Initials MC        12

expressly reserves the right to support and defend any decision that the Court may make with regard to the defendant's sentence, whether or not such decision is consistent with the government's recommendations contained herein.

7. <u>Defendant's Waiver of Right to Appeal the Sentence</u>

The defendant agrees that this Court has jurisdiction and authority to impose any sentence up to the statutory maximum and expressly waives the right to appeal defendant's sentence on any ground, including the ground that the Court erred in determining the applicable guidelines range pursuant to the United States Sentencing Guidelines, except (a) the ground that the sentence exceeds the defendant's applicable guidelines range <u>as determined by the Court</u> pursuant to the United States Sentencing Guidelines; (b) the ground that the sentence exceeds the statutory maximum penalty; or (c) the ground that the sentence violates the Eighth Amendment to the Constitution; provided, however, that if the government exercises its right to appeal the sentence imposed, as authorized by 18 U.S.C. § 3742(b), then the defendant is released from his waiver and may appeal the sentence as authorized by 18 U.S.C. § 3742(a).

8. <u>Middle District of Florida Agreement</u>

It is further understood that this agreement is limited to the Office of the United States Attorney for the Middle District of Florida and cannot bind other federal, state, or local prosecuting authorities, although this office will bring defendant's cooperation, if any, to the attention of other prosecuting officers or others, if requested.

Defendant's Initials _MC_     13

9. <u>Filing of Agreement</u>

This agreement shall be presented to the Court, in open court or <u>in camera</u>, in whole or in part, upon a showing of good cause, and filed in this cause, at the time of defendant's entry of a plea of guilty pursuant hereto.

10. <u>Voluntariness</u>

The defendant acknowledges that defendant is entering into this agreement and is pleading guilty freely and voluntarily without reliance upon any discussions between the attorney for the government and the defendant and defendant's attorney and without promise of benefit of any kind (other than the concessions contained herein), and without threats, force, intimidation, or coercion of any kind. The defendant further acknowledges defendant's understanding of the nature of the offense or offenses to which defendant is pleading guilty and the elements thereof, including the penalties provided by law, and defendant's complete satisfaction with the representation and advice received from defendant's undersigned counsel (if any). The defendant also understands that defendant has the right to plead not guilty or to persist in that plea if it has already been made, and that defendant has the right to be tried by a jury with the assistance of counsel, the right to confront and cross-examine the witnesses against defendant, the right against compulsory self-incrimination, and the right to compulsory process for the attendance of witnesses to testify in defendant's defense; but, by pleading guilty, defendant waives or gives up those rights and there will be no trial. The defendant further understands that if defendant pleads guilty, the Court may ask defendant

Defendant's Initials _MC_    14

questions about the offense or offenses to which defendant pleaded, and if defendant answers those questions under oath, on the record, and in the presence of counsel (if any), defendant's answers may later be used against defendant in a prosecution for perjury or false statement. The defendant also understands that defendant will be adjudicated guilty of the offenses to which defendant has pleaded and, if any of such offenses are felonies, may thereby be deprived of certain rights, such as the right to vote, to hold public office, to serve on a jury, or to have possession of firearms.

11. <u>Factual Basis</u>

Defendant is pleading guilty because defendant is in fact guilty. The defendant certifies that defendant does hereby admit that the facts set forth below are true, and were this case to go to trial, the United States would be able to prove those specific facts and others beyond a reasonable doubt.

## FACTS

From August 10, 2021 through March 6, 2022, Magdiel Carmona conspired with others to sell or deliver cocaine, MDMA, marijuana, heroin, and prescription pills. During the conspiracy Carmona sold both narcotics and firearms to an undercover detective on multiple occasions. In addition to selling firearms, Carmona was always armed during the sales he made to an undercover detective. Magdiel Carmona is a convicted felon. While completing the sales Carmona explained how he gets his cocaine from "Mexicans" and referenced his "molly" plug who drove him to one of the deals.

Defendant's Initials _MC_                              15

*August 10, 2021 purchase (report 21-531992)*: Det. Bronson met with Carmona after arranging a purchase of 14 grams of cocaine for $1,000 over text message. Carmona told Bronson he needed to meet his "plug" before the delivery. The delivery occurred in a parking lot of a Mobile gas station located at 7209 Hillsborough Ave. Carmona provided Det. Bronson with a white powder that tested positive for cocaine. FDLE tested the item and it was Eutylone (3,4-Methylenedioxy-alpha-ethylaminobutyrophenone), not cocaine as purported.

*August 19, 2021, purchase of cocaine (report 21-554259)*: Det. Bronson met with Carmona at 10005 N 14th Street in Tampa. Prior to arrival Det. Bronson negotiated to receive 42 grams of cocaine for $2,500. The transaction took place outside Carmona's residence. During the transaction, Det. Bronson asked about guns for sale and Carmona showed Det. Bronson a 45mm Springfield firearm (recovered in the March traffic stop). After delivering the cocaine, Carmona offered a portion of heroin to Detective Bronson. FDLE confirmed the cocaine at 28.035 grams.

*September 9, 2021, purchase of cocaine (report 21-604702)*: Det. Bronson met with Carmona at 10005 N 14th Street in Tampa to purchase 42 grams of cocaine. The $2,450 price was fixed over voice calls and text messages. Det. Bronson noted a firearm in the pant line of Carmona's shorts. In addition to the cocaine, Carmona provided Det. Bronson with a grey substance he described as heroin. Det. Bronson gave Carmona $20 for the heroin. FDLE confirmed the cocaine.

*September 13, 2021, purchase of Diamondback firearm (21-61410):* Det. Bronson met with Carmona at 10005 N 14th Street in Tampa to purchase a 9 mm firearm for $500. Carmona and Det. Bronson negotiated this transaction over the phone.

*October 28, 2021, purchase of heroin (21-723624):* Det. Bronson met with Carmona at 10005 N 14th Street in Tampa to purchase 28 grams of heroin. Carmona and Det. Bronson negotiated the $1,250 price over call and text. Det. Bronson observed Carmona to have a firearm in his waistband. Carmona provided two bags to Det. Bronson. One was verified as heroin, the other N-Pyrrolidino Etonitazene.

*November 18, 2021, purchase of Taurus G2C (21-775231):* Det. Bronson met with Carmona at 10005 N 14th Street in Tampa to purchase a 9 mm firearm for $600. Carmona and Det. Bronson negotiated this transaction over the phone.

*December 13, 2021, purchase of 9mm Skyy and heroin(21-834191):* Det. Bronson met Carmona at 5011 E. Busch Blvd. in Tampa to complete transaction negotiated over phone and text. Carmona arrived at the location in a Hyundai and entered the undercover car. Carmona provided Det. Bronson a baggie of light gray powder of purported heroin. Carmona then supplied a 9mm handgun form a white paper bag. The gun was identified as an SCCY 9 mm with magazine. The heroin was identified as N-Pyrrolidino Etonitazene.

*December 20, 2021, purchase of assault rifle pistol (21-851485):* Det. Bronson met Carmona at a Burger King at 7450 E. Hillsborough Ave in Tampa to sell him an assault pistol for $1,200. The transaction occurred over calls and texts. Carmona

Defendant's Initials MC            17

arrived in a black Pontiac and Det. Bronson entered Carmona's car and Carmona provided him a soft case with an American Tactical AR15 with magazine.

*January 12, 2022, purchase of Taurus 9mm and cocaine (22-28239):* Det Bronson met Carmona at 7408 E. Hillsborough Ave in Tampa to complete a transaction arranged over calls and texts. Carmona gave Det. Bronson a 9mm Taurus G3 and then produced two baggies of white powder he identified as cocaine. Det. Bronson noted Carmona had the same firearm previously carried by Carmona in his waistband. The powder was confirmed as cocaine.

*March 6, 2022, traffic stop:* On March 6, 2022, TPD officers stopped Carmona for an infraction and located the firearm he carried during the undercover purchases. Carmona is a convicted felon. Additionally, he had distribution quantities of narcotics to include 102.3 grams cocaine, ~~425 grams marijuana, 20.2 grams MDMA, 25.2 grams Oxycodone, and 1.2 grams psilocybin.~~ *aB* *SB*

The firearm carried by Carmona during the deals with Detective Bronson and when he was stopped March 6, 2022 was identified as a Springfield Armory, Model XD-S, .45 caliber pistol. This firearm was manufactured outside the United States. Two of the firearms possessed and sold by Carmona have origins in Florida. In addition to those guns, Carmona sold Det. Bronson an American Tactical Imports, Model Omni Hybrid, .223 caliber pistol; Taurus, Model G3, 9 millimeter pistol; and Taurus, Model G2C, 9 millimeter pistol. These guns have origins outside of Florida.

Defendant's Initials *MC*  18

The above is merely a brief summary of the events, some of the persons involved, and other information relating to this case. It does not include, nor is it intended to include, all of the events, persons involved, or other information relating to this case.

12. Entire Agreement

This plea agreement constitutes the entire agreement between the government and the defendant with respect to the aforementioned guilty plea and no other promises, agreements, or representations exist or have been made to the defendant or defendant's attorney with regard to such guilty plea.

13. Certification

The defendant and defendant's counsel certify that this plea agreement has been read in its entirety by (or has been read to) the defendant and that defendant fully understands its terms.

DATED this __16__ day of ~~February~~ March 2023.

_____
Magdiel Carmona
Defendant

_____
Adrian Burden, Esq.
Attorney for Defendant

ROGER B. HANDBERG
United States Attorney

_____
Samantha E. Beckman
Assistant United States Attorney

_____
James C. Preston, Jr.
Assistant United States Attorney
Chief, Violent Crime and Narcotics

19